FILED

2023 MAY 15   AM 8:41

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| Daniel/M: Solomon d/b/a<br><br>DANIEL MATTHEW SOLOMON,<br><br>Plaintiff,<br><br>vs.<br><br>SYNOVUS FINANCIAL CORPORATION<br>d/b/a SYNOVUS BANK ,<br><br>ANDREW J GREGORY. d/b/a SYNOVUS<br>FINANCIAL CORPORATION CFO<br><br>Defendants | Case No.: 8:23cv 1068 CEH-CPT<br><br>COMPLIANT FOR DAMAGES:<br>BREACH OF CONTRACT, BREACH<br>OF FIDUCIARY DUTY, AND GROSS<br>NEGLIGENCE |

Plaintiff - DANIEL MATTHEW SOLOMON (hereinafter "Plaintiff) brings this

action against defendants SYNOVUS FINANCIAL CORPORATION d/b/a

SYNOVUS BANK (hereinafter "Defendant" or "Synovus) ; ANDREW J

GREGORY, JR. d/b/a SYNOVUS Chief Financial Officer (hereinafter

"GREGORY"), inclusive to recover a Sum Certain of TWO-HUNDRED-

THOUSAND-UNITED-STATES-DOLLARS ($200,000.⁰⁰) plus costs,

compensatory and punitive damages for actions of breach of contract, breach of

fiduciary duty, and gross negligence.

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY,
AND GROSS NEGLIGENCE - 1



## PARTIES, JURISDICTION, & VENUE

1. Plaintiff is natural person residing in Pinellas County, in the City of St. Petersburg, in the State of Florida.

2. SYNOVUS FINANCIAL CORPORATION is a foreign corporation that is incorporated in the State of Georgia with its principal address listed as 1111 Bay Avenue, Suite 500, Columbus, Georgia 31901; The Subsidiary SYNOVUS BANK, a Georgia state-chartered bank and wholly-owned subsidiary of Synovus Financial Corporation, through which Synovus conducts its banking operations; Synovus Bank is the issuer of the Mastercard First Progress Card listed on the Cardholder Agreement.

3. Defendant GREGORY is an individual listed as the acting Chief Financial Officer for SYNOVUS FINANCIAL CORPORATION according to the Georgia Secretary of State, Corporations Division Business Listing, which last Annual Registration was in the year 2023.

4. Jurisdiction is proper in the UNITED STATES DISTRICT COURT for the MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION pursuant to 28 U.S.C. § 1332 for Diversity of Citizenship and the Amount in Controversy.

5. Venue is proper in the MIDDLE DISTRICT, TAMPA DIVISION pursuant to 28 U.S.C. § 1391 (b)(2) and (c)(1) and (d). On information and belief, Plaintiff resides in the district and the Defendant conducts business in this judicial district, and because the actions arose in judicial district.

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 2

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.   Plaintiff has made a good faith attempts to resolve the matter outside the judicial system and has timely notified the Andrew J. Gregory – Chief Financial Officer for Synovus  with a "Notice of Default in Dishonor & Opportunity to Cure" through Notary acknowledgement and Notary Certificate of Service sent to the Registered Agent.

7.   Plaintiff made a second and final good faith attempt to avoid bring the matter to the judicial system and notified Andrew J. Gregory – Chief Financial Officer for Synovus and carbon copied The Bank of New York Mellon Trust Company, N.A. – BNY Mellon Corporate Trust, Craig Kaye – Trustee for Synovus with a "Final Notice of Default & Opportunity to Cure" through Notary acknowledgement and Notary Certificate of Service sent to the Registered Agent.

## FACTUAL BACKGROUD

8.  On or about February 17th, 2023, Plaintiff mailed a package (See Exhibit A) containing a secured transferable negotiable instrument (#15617) a lawful tender of payment in the amount of Five-Thousand-Dollars 00/100 ($5000.⁰⁰), a memorandum,  the account payment stub for account ending in 3946, and a Notice of Presentment was mailed to First Progress Remittances, P.O. Box 84019, Columbus, Georgia 31908-4019 through the U.S. Postal Service via Certified Mail

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 3

with Return Receipt, with tracking number 7022-2410-0002-2285-8678 ; the package was received and signed for on or about February 24th, 2023.

9.  On or about February 17th, 2023,  Plaintiff mailed a package (See Exhibit A) containing a secured transferable negotiable instrument (#15618) a lawful tender payment in the amount of Five-Thousand-Dollars 00/100 ($5000.00), a memorandum,  the account payment stub for account ending in 7773 (new account # ending in 5094), and a Notice of Presentment was mailed to First Progress Remittances, P.O. Box 84019, Columbus, Georgia 31908-4019 through the U.S. Postal Service via Certified Mail with Return Receipt, with tracking number 7022-2410-0002-2285-8661 ; the package was received and signed for on or about February 24th, 2023.

9.  On or about February 24th, 2023, the accounts ending in 3946 and 7773 (new acct# 5094) each had the Five-Thousand-Dollars ($5000.00) payments credited to each of the accounts.

10.  On or about February 28th, 2023, the accounts ending in 3946 and 7773 (new acct# 5094) had the Five-Thousand-Dollars ($5000.00) payments reverse or in the terms of First Progress "Debit to Purchase Balance."

11.  On or about March 1, 2023, Plaintiff contacted First Progress Customer Service at (866) 706-5543 to get an explanation of why the payment was reversed on both accounts.  The representative on the phone stated "invalid routing number" reference #00006500011.  Evidence of the agents for the Defendants

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 4

not following the explicit instructions to process the tender of payment as a Secured Transferable Negotiable Instrument as blatantly explained and instructed in the Notice of Presentment or Memorandum included in the package they received on February 24, 2023.

12.  On or about March 3rd, 2023, Plaintiff made another good faith attempt to tender payment, excusing the error made by the Defendant's agents/representatives and mailed an additional secured transferable negotiable instrument (#38097945) a lawful tender of payment for the accounts ending in 3946 in the amount of Five-Thousand-Dollars ($5000.00) and a the account payment stub to First Progress Remittances, P.O. Box 84019, Columbus, Georgia 31908-4019 through the U.S. Postal Service via Certified Mail with Return Receipt, with tracking number 7021-2720-0000-3809-7945; the package was received and signed for on  or about March 7th, 2023.

13.  On or about March 3rd, 2023, Plaintiff made another good faith attempt to tender payment, excusing the error made by the Defendant's agents/representatives and mailed an additional secured transferable negotiable instrument (#38097952) a lawful tender of payment for the accounts ending in 3946 in the amount of Five-Thousand-Dollars ($5000.00) and a the account payment stub to First Progress Remittances, P.O. Box 84019, Columbus, Georgia 31908-4019 through the U.S. Postal Service via Certified Mail with Return Receipt, with tracking number 7021-2720-0000-3809-7952; the package was

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 5

received (missing signature/date on return receipt) for on or about March 7th, 2023.

14. On or about March 20th, 2023, Plaintiff made another good faith attempt to resolve the matter and mailed package containing a "Notice of Default & Opportunity to Cure", copies of the secured transferable negotiable instruments, copies of the memorandum, copies of the "Notice of Presentment", copies of the payment coupons, and copies of U.S. Postal Service Return Receipts and Tracking Confirmation from the previous mailing to CORPORATION SERVICE COMPANY, the registered agent listed on Department of State-Division of Corporations for Florida website for Synovus Financial Corporation with Attention to Andrew J. Gregory - Chief Financial Officer for Synovus and the Synovus Legal Department through the U.S. Postal Service via Certified Mail with Return Receipt, with tracking number 7021-2720-0000-3809-7969; the package received and signed on or about March 23rd, 2023.

15. On or about April 6th, 2023, Plaintiff mailed package containing a "Final Notice of Default & Opportunity to Cure", a copy of the Notice of Default & Opportunity to Cure, copies of the secured transferable secured transferable negotiable instruments, copies of the memorandum, copies of the "Notice of Presentment", copies of the payment coupons, and copies of U.S. Postal Service Return Receipts and Tracking Confirmation from the previous mailing to CORPORATION SERVICE COMPANY, the registered agent listed on Department

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 6

of State-Division of Corporations for Florida website for Synovus Financial Corporation with Attention to Andrew J. Gregory - Chief Financial Officer for Synovus and the Synovus Legal Department through the U.S. Postal Service via Certified Mail with Return Receipt, with tracking number 7021-2720-0000-3809-7891; the package was received and signed for on or about April 9th, 2023.

16. On or about March 30th, 2023, Plaintiff received a return of the secured transferable negotiable instruments (#38097945 and #38097952) and the payment stubs and a "Reasons for Returned Items" letter stating " Check amount is higher than balance for both accounts."

17. As of present day, Defendants have not offset or properly credited the account with the instrument tendered for payment (#15617 and #15618) that they retained in their possession.

18. As of present day, Defendants have not sent any correspondence in response to the Plaintiff's Notice of Presentment, Notice of Default & Opportunity to Cure, and Final Notice of Default & Opportunity to Cure.

19. The defendants along with their associates, assigns, and attorneys have remained silent and non-response, therefore agree to all the statements made in the correspondences through acquiescence, as blatantly stated in the Notices they received from the Plaintiff.

20. The defendants, along with their associates, assigns, and attorneys have Waived their right to ANY and ALL affirmative defenses through their

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 7

silence and non-response as blatantly stated in the Notices they received from the Plaintiff.

## COUNT I – BREACH OF CONTRACT

21. All preceding background information are adopted and incorporated by reference as if fully set forth herein. All parties are in agreement as the terms of the contract set forth herein.

22. All Defendants failed to comply with the contract created by the instruments through there dishonor, and credit each of the accounts for Ten-thousand-dollars ($10,000.$^{00}$) for a total amount of Twenty-thousand-dollars ($20,000.$^{00}$).

23. As a result of this breach, Plaintiff suffered economic monetary loss, defamation of character through a damaged credit profile, emotional distress and anxiety, and loss of personal time and resources.

24. All Defendants are liable for the harm caused to Plaintiff as a result of their breach.

25. Plaintiff is entitled to punitive damages.

26. Plaintiff is entitled to compensatory damages.

27. Plaintiff prays for relief are set forth below.

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 8

## COUNT II – BREACH OF FIDUCIARY DUTY

28. All preceding background information are adopted and incorporated by reference as if fully set forth herein.

29. All Defendants have a fiduciary relationship with the Plaintiff, as the defendants have been entrusted with the Plaintiff's private personal security information and with a transferable security instruments.

30. All Defendants have failed to act in good faith and in the best interest of the Plaintiff by dishonoring the Plaintiff's tender of payments and have not properly credited the said accounts constituted a breach of their fiduciary duties.

31. All Defendants have failed to honor their duty and have retained possession of two (2) instruments, each in the amount of five-thousand-dollars ($5000.⁰⁰) for their personal benefit and unjust enrichment, also constituted a breach of their fiduciary duties.

32. As a result of this breach, Plaintiff suffered economic monetary loss, defamation of character through a damaged credit profile, emotional distress and anxiety, and loss of personal time and resources.

33. Plaintiff is entitled to punitive damages.

34. Plaintiff is entitled to compensatory damages.

35. Plaintiff prays for relief are set forth below.

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 9

## COUNT III – GROSS NEGLIGENCE

36. All preceding background information are adopted and incorporated by reference as if fully set forth herein.

37. All defendants willfully and knowingly ignored their fiduciary duties to the Plaintiff.

38. All defendants willfully and knowingly ignored their duties as a financial institution and as a corporation in dealing and accepting drafts, bills of exchange, notes, securities, other forms of commercial paper/instruments and lawful tender as alternative methods of payment; violating the Bill of Exchange Act, the Article III of Uniformed Commercial Code, Negotiable Instrument Act, and Title 12 of United States Code.

39. All defendants knowingly received the financial benefits of the secured transferrable negotiable instruments from the Plaintiff while knowing that the Plaintiff was entitled to the said accounts being credited in the amount of the instruments.

40. All defendants willfully and knowingly failed to take steps to prevent escalation of these issues regarding the Plaintiff's account, despite multiple attempts from the Plaintiff to resolve the matter.

41. As a result of this gross negligence, Plaintiff suffered economic monetary loss, defamation of character through a damaged credit profile, emotional distress and anxiety, and loss of personal time and resources.

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 10

42. Plaintiff is entitled to punitive damages.

43. Plaintiff is entitled to compensatory damages.

44. Plaintiff prays for relief are set forth below.

WHEREFORE, Plaintiff DANIEL MATTHEW SOLOMON prays as follows:

A. For general damages of sum certain of two-hundred-thousand-dollar ($200,000.00);

B. Plaintiff be awarded Punitive Damages Three (3) times the amount of general damages to deter future negligent and malicious conduct;

C. Plaintiff be awarded Compensatory Damages Two (2) times the amount of general damages;

D. Plaintiff be awarded Damages for emotional distress, anxiety, and loss of personal time One (1) time the amount of general damages;

E. An Injunction for Defendants to apply Plaintiff's tender of payments in ANY lawful form, to offset the principal accounts;

F. An Injunction for Defendants to keep the Principal accounts open until Plaintiff orders otherwise;

G. An Injunction for Defendants to correct and update the accounts to good standing to the consumer agencies regarding the Plaintiff's Consumer reports;

H. That the honorable Court provide Plaintiffs with such other legal and equitable relief as the court deems appropriate.

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 11

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this compliant: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

This __15__ day of May, 2023.

Done in Good Faith, Sincerity, & Honor,

By __Daniel/Matthew; Solomon__

Daniel/Matthew; Solomon, Pro Se/Sui Juris

All Rights Reserved & Retained.
Address: 11675 Dr. Martin Luther King Jr St N, Apt B
St. Petersburg, Florida 33742
Ph: 727-641-3791    Email: Allbusinessdan@gmail.com

COMPLIANT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, AND GROSS NEGLIGENCE - 12